Filed 10/18/21  In re Jordan M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re JORDAN M., a Person Coming Under the Juvenile Court Law. | B310173 (Los Angeles County Super. Ct. No. 20LJJP00008C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>E.B.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robin R. Kesler, Judge Pro Tempore.  Affirmed.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Kimberly Roura, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

E.B. (mother) challenges the juvenile dependency court's legal authority to enter a disposition order imposing a case plan on mother after declaring her infant child Jordan M. (minor) a dependent under Welfare and Institutions Code section 300.[1] Respondent Los Angeles County Department of Children and Family Services (Department) contends the case plan was within the court's authority. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Consistent with our standard of review, we state the facts in the light most favorable to the juvenile court's findings, resolving all conflicts and drawing all reasonable inferences to uphold the court's order, if possible. (*In re R.T.* (2017) 3 Cal.5th 622, 633.)

*Dependency Proceedings (Up to Appeal)*

Mother and O.M. (father) are the parents of three young children.[2] In March 2020, the court declared the two oldest children (born January 2018 and January 2019) dependents

_____

[1] All statutory references are to the Welfare and Institutions Code, unless stated otherwise.

[2] Father is not a party to this appeal.

based on father's substance abuse and mother's failure to protect. According to the sustained petition allegations, father had a history of substance abuse, including heroin, and was a recent abuser of amphetamines and methamphetamine. Father tested positive for amphetamine, methamphetamine, and morphine in December 2019. Mother should have known of father's substance abuse and failed to protect the children by allowing father unlimited access to the children. The court placed the children with mother, who received family maintenance services, and ordered father to complete a drug rehabilitation program, drug testing, parenting, and mental health counseling.

Shortly after minor was born in July 2020, the Department filed a petition alleging minor was a dependent described under section 300, subdivision (b), based on father's ongoing substance abuse and mother's failure to protect. Mother had completed some parenting classes, but father had several no shows and positive drug tests, and he admitted to using heroin in April 2020. In August 2020, the court ordered minor detained from father and released to mother.

The Department's reports contain mixed evidence on father's attempt to end his involvement with drugs. While some drug tests came back positive for methadone, father also failed to appear a number of times for scheduled tests, and he had recent arrests for driving under the influence and for possession of drug paraphernalia and controlled substances for sale.

Father had monitored visits with all three children, and both parents wanted to provide a better life for their children. Mother had secured permanent housing and was on the waiting list for family preservation services. The Department recommended that the court find minor to be a dependent, place

him with mother, grant father monitored visits, and order both parents to participate in their case plans.  Mother's recommended case plan was to include parenting, family preservation, a cultural broker, and referrals for housing and childcare.

At the hearing on December 18, 2020, both mother's counsel and minor's counsel asked the court to strike the failure to protect allegations against mother, arguing that there was no evidence mother had failed to protect minor, as she did not permit father to have unmonitored contact with minor.  The court agreed: it sustained only the allegations based on father's substance abuse and struck the failure to protect allegations against mother.

Turning to disposition, mother submitted on the issue of family maintenance services, asking for the case plan to be as previously ordered for the older siblings.  The attorneys for minor and the Department did not request any changes to mother's case plan.  The court, however, added one item to mother's case plan: a requirement that mother participate in 20 online meetings of a program for family members of people addicted to narcotics.  Mother's attorney asked the court to repeat the number of meetings ordered but made no objection.  The court also ordered the Department to provide referrals for family preservation, housing assistance, child care, and a cultural broker.  Mother filed a timely appeal.

*Post-Appeal Developments*

After appellate briefing in the current case was complete, the dependency court sustained new allegations contained in a subsequent petition filed under section 342, alleging mother

4

placed minor and his older siblings at risk of harm by exposing all three children to father's violent conduct, specifically that father was carrying a gun and shot himself in the leg in the children's presence. The dependency court entered a new disposition case plan.[3]

## DISCUSSION

Mother's sole contention on appeal is that the dependency court lacked legal authority to order her, a non-offending parent, to comply with a case plan.

The Department argues that mother forfeited the issue by failing to raise it before the trial court. "A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court. [Citations.] Forfeiture . . . applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221–222.)

In response, mother points out that application of the forfeiture rule is not automatic, and asks this court to overlook mother's failure to object based on the confusion caused by the fact that the court was simultaneously conducting a review hearing under section 364 as to minor's older siblings, and the disposition hearing as to minor.

In addition, on August 18, 2021, we invited the parties to submit letter briefs addressing whether this court should dismiss

---

[3] On our own motion, we take judicial notice of the section 342 petition and the dependency court's August 11, 2021 order sustaining the petition allegations. (Evid. Code, § 452, subd. (d)).

mother's appeal as moot, based on the court's August 11, 2021 order sustaining section 342 petition allegations against mother and entering a new disposition order. "An appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief. [Citations.]" (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1054.) The Department contends that the juvenile court's subsequent orders render moot the issues raised in mother's appeal. Mother argues that because she appealed the court's August 11, 2021 findings and orders, her current appeal is not moot. (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 164–166 [a parent's failure to challenge post-judgment orders results in a forfeiture of the challenge to jurisdictional orders].)

Although there are strong arguments that mother's appeal is either forfeited or moot, we exercise our discretion to consider the substance of mother's arguments on appeal.

After the juvenile court has declared a child to be a dependent, "the court may limit the control to be exercised over the dependent child by any parent." (§ 361, subd. (a).) The court has the power to issue "all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of [a dependent] child" and to "direct any reasonable orders to the parents or guardians of [that] child." (§ 362, subds. (a) & (d).) "'The juvenile court has broad discretion to determine what would best serve and protect the child's interests and to fashion a dispositional order accordingly.'" (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311.) "'The best interest of the child is the fundamental goal of the juvenile dependency system, underlying . . . child safety, family preservation, and timely permanency and stability.' [Citation.]" (*In re J.M.* (2020) 44 Cal.App.5th 707,

6

718.) "[A] jurisdictional finding involving the conduct of a particular parent is not necessary for the court to enter orders binding on that parent, once dependency jurisdiction has been established." (*In re I.A.* (2011) 201 Cal.App.4th 1484,1492.)

The court's disposition order cannot be reversed absent a clear abuse of discretion. (*In re F.P.* (2021) 61 Cal.App.5th 966, 975.) """The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319.)

In her reply brief, mother acknowledges that section 362 gives the dependency court legal authority to require a non-offending parent to participate in services, but argues that the services ordered here were unreasonable. Other than pointing to her status as a non-offending parent and also claiming, without any further explanation, that the case plan here was unreasonable, mother has made no attempt to explain why the December 18, 2020 disposition order was in error. The dependency court's order required mother to participate in the same services that had already been ordered in connection with the dependency case involving her two older children. The only additional requirement was for mother to participate in 20 online meetings for family members of people addicted to narcotics. The record provides ample support for imposing these requirements on mother, who remained in a relationship with father. Both parents hoped to provide a better life for their children, but father's efforts to end a lengthy history of serious drug use and abuse—including past use of heroin, morphine, and

7

methamphetamine—were still in the early stages.  Additionally, while mother expressed confidence that father had not used drugs since being released from prison, she acknowledged that father may have slipped up right before he was asked to test for the Department in December 2019, when he tested positive for methamphetamine.  As the court explained when it ordered mother to participate in 20 online meetings, "she needs to attend meetings for family members who have drug-addicted family members, especially heroin- and morphine-addicted.  She needs further clarity of her role in the family with someone with father's problems."  Each of the services ordered by the court were reasonably designed to further the children's best interests, and mother has not demonstrated otherwise.  We find no abuse of discretion.

## DISPOSITION

The court's December 18, 2020 disposition order is affirmed.


MOOR, J.


I concur:


RUBIN, P. J.

8

In re Jordan M.
B310173


BAKER, J., Dissenting



I would dismiss the appeal as moot; there is no good reason to pass on the merits of a case plan that has since been superseded.


BAKER, J.